IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RANDALL EWING and YASMANY GOMEZ, | |
| Plaintiffs, | No. 19-cv-03791 |
| v. | Judge John F. Kness |
| ERIK CARRIER and D'APRILE PROPERTIES, LLC, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

This case presents a knotty question concerning the preclusive effect of an earlier ruling in a separate but factually-related case. Plaintiffs Randall Ewing and Yasmany Gomez complain that Defendants Erik Carrier and D'Aprile Properties, LLC are liable for damages resulting from a failed home renovation agreement. In 2016, an entity known as 1645 W. Farragut, LLC ("1645 W. Farragut"), of which Carrier was one of two owners, agreed to renovate and sell a home to Plaintiffs. According to Plaintiffs, 1645 W. Farragut and Carrier, individually, failed to meet several obligations under the renovation contract (it is undisputed that the renovation was never completed). When the renovation contract inevitably fell apart, Defendants refused to return the earnest money Plaintiffs had paid to secure the renovation agreement.

This dispute led Plaintiffs to file an earlier suit in this District against 1645 W. Farragut. Plaintiffs soon discovered, however, that 1645 W. Farragut had insufficient assets to satisfy the hoped-for judgment. This discovery caused Plaintiffs

to seek to amend their complaint in that action to add as defendants Carrier and Carrier's employer, D'Aprile Properties, LLC ("D'Aprile Properties"). But the presiding judge in the earlier case denied Plaintiffs' motion: a decision that prompted Plaintiffs to bring the current case against Carrier and D'Aprile Properties. Plaintiffs seek in this case the same relief they sought but were denied in the earlier suit, as well as an order making Carrier personally liable for any judgment against 1645 W. Farragut.

Defendants now seek to dismiss this later-filed action. According to Defendants, the earlier (and ongoing) suit precludes this case under the doctrines of res judicata (claim preclusion) and claim splitting. Defendants also contend that Plaintiffs' veil-piercing claim fails under Illinois law. For the reasons that follow, the Court agrees that Plaintiffs' effort to sue Carrier and 1645 W. Farragut is precluded by the decision of another judicial officer not to permit Plaintiffs to amend their earlier complaint. In addition, Plaintiffs' effort to hold Carrier personally liable for the conduct of 1645 W. Farragut is both precluded by the earlier decision and fatally flawed under Illinois law. Accordingly, the Court grants Defendants' motions to dismiss.

I.   BACKGROUND

In October 2016, Plaintiffs Ewing and Gomez entered into an agreement with the limited liability company known as 1645 W. Farragut to purchase and renovate a home in Chicago. (Dkt. 1 ¶¶ 11-22 (Complaint).) Carrier, the principal member of 1645 W. Farragut, marketed the property and acted in the transaction as 1645 W. Farragut's representative and real estate broker. (*Id.* ¶¶ 11-12.) Plaintiffs contend

2

that Carrier (mis)represented to Plaintiffs, among other things, that the preexisting work on the property had been performed with all proper permits and in compliance with the City of Chicago building code. (*Id.* ¶ 20.)[1] But, according to Plaintiffs, that representation was later proven false when the City of Chicago put a Stop Work Order on the property for failure to obtain the proper permits. (*Id.* ¶¶ 35-37.) The Stop Work Order delayed construction, and renovation of the property was not completed by the contract deadline. (*Id.* ¶ 40.)

Without the completed renovations, Plaintiffs were unable to secure a mortgage for the property. (*Id.* ¶¶ 42-44.) As a result, 1645 W. Farragut declared Plaintiffs to be in breach of the contract and refused to return Plaintiffs' $117,500 in earnest money. (*Id.* ¶ 45). In October 2016, Plaintiffs brought a separate suit against 1645 W. Farragut to recover the lost funds. That litigation is currently ongoing in this District before Judge Sharon Johnson Coleman. (*Id.* ¶ 64; *see Ewing et al. v. 1645 W. Farragut LLC,* No. 16-cv-9930 (N.D. Ill.) (the "9930 Action").)

In September 2018, after discovery closed in the 9930 Action, Plaintiffs filed a motion to amend their complaint to add two new parties and one new claim. (*See generally* 9930 Action, Dkt. 92.) As relevant here, after learning through discovery

---

[1] Plaintiffs allege four different representations made by Carrier that could each independently state a claim for fraud. First, Plaintiffs allege Carrier (and derivatively D'Aprile Properties) represented the property would be renovated "consistent with the level of amenities" in the adjacent home (the "Adjacent Property" claim). (Dkt. 1 ¶ 16.) Second, Plaintiffs allege Carrier represented the property would include an enclosed balcony (the "Enclosed Balcony" claim). (*Id.* ¶¶ 17-19, 26.) Third, Plaintiffs allege Carrier represented the adjacent property would not be sold for less than $1.150M (the "Purchase Price" claim). (*Id.* ¶¶ 47-48.) Fourth, Plaintiffs allege Carrier affirmed there were no permitting issues from the work completed prior to the parties' agreement (the "Permit Fraud" claim). (*Id.* ¶¶ 20, 33-35.)

3

"that 1645 West Farragut ha[d] little or no assets available to pay any judgment that could result from [the 9930 Action] litigation," Plaintiffs sought to add as defendants in the 9930 Action both Carrier individually and D'Aprile Properties, the entity that employed Carrier as a realtor. (*Id.* at 1, 3-4.) Judge Coleman, however, denied the motion and explained that "the proposed amendment [would] unduly prejudice [1645 W. Farragut]" by prolonging the litigation and imposing new discovery costs after discovery had already closed. (9930 Action, Dkt. 99 at 2-3.) Judge Coleman also observed that "[a]t least one of the newly named parties [meaning D'Aprile] . . . has had no prior involvement in the litigation of this suit" and "[t]he other, an individual who co-owns the limited liability corporation originally named in this case, has been involved in this litigation but has not previously faced the prospect of personal liability." (*Id.* at 2.) Judge Coleman later granted partial summary judgment in favor of Plaintiffs. (9930 Action, Dkt. 116.) A jury trial on the remaining claims in the 9930 Action is presently scheduled for November 8, 2021. (9930 Action, Dkt. 177, 188.)

In June 2019, Plaintiffs—presumably dissatisfied with Judge Coleman's ruling on the motion to amend—brought the present suit against Carrier (individually) as well as D'Aprile Properties. Both the complaint in the 9930 Action and the complaint in this case are functionally identical as to the facts, the plaintiffs, and the underlying theories of liability. (*See* 9930 Action, Dkt. 92-1.) Indeed, the main, and perhaps the only, difference is in the defendants. In this case, Plaintiffs allege that Carrier, while acting as the real estate agent in the purchase agreement between Plaintiffs and 1645 W. Farragut, made fraudulent representations upon which Plaintiffs relied to their detriment. (Dkt. 1, ¶¶ 51-73 (Counts I and II).) Plaintiffs allege that Carrier, and

4

derivatively his employer, D'Aprile Properties, should be liable for those fraudulent statements. (*Id.*) Plaintiffs further allege that 1645 W. Farragut "is the alter ego of Erik Carrier," and they ask this Court to pierce the corporate veil in finding Carrier liable. (*Id.* ¶¶ 74-80 (Count III).) Defendants now seek dismissal of this case in its entirety under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*See generally* Dkts. 19, 21.)

## II. LEGAL STANDARD

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Each complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In evaluating a motion to dismiss, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678. But even though factual allegations are entitled to the assumption of truth, mere legal conclusions are not. *Id.* at 678-79.

Although a claim preclusion defense[2] often requires the court to consider matters outside the complaint—a task typically reserved for summary judgment, *see*

---

[2] Claim preclusion is not one of the affirmative defenses recognized in Rule 12(b) of the Federal Rules of Civil Procedure, but "when an affirmative defense is disclosed in the complaint, it provides a proper basis for a Rule 12(b)(6) motion. . . . This proposition is entailed by the principle that a plaintiff can plead himself out of court." *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008).

*Arthur Anderson LLP v. Fed. Ins. Co.*, No. 6 C 1824, 2007 WL 844632, at *1 (N.D. Ill. Mar. 16, 2007) (citing *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997))—the Seventh Circuit has held that a district court may take judicial notice of matters of public record (such as previous judicial decisions) without converting a 12(b)(6) motion into a motion for summary judgment. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (quoting *U.S. v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991)). When a defendant raises claim preclusion as a defense, therefore, and "it is clear from the complaint's face, and matters of which the district court may take judicial notice[,] that the plaintiff's claims are barred as a matter of law, dismissal under Rule 12(b)(6) is proper." *Arthur Anderson*, 2007 WL 844632, at *7 (quoting *Wilson v. Bob Watson Chevrolet, Inc.*, No. 03 C 5535, 2004 WL 432493, at *2 (N.D. Ill. Mar. 02, 2004)).

## III. DISCUSSION

### A. Counts I and II of Plaintiffs' Complaint are barred by the Doctrines of Claim Preclusion and Claim Splitting.

Defendants' motions seek dismissal of Plaintiffs' Complaint under the doctrines of claim preclusion and claim splitting. (Dkts. 19 ¶¶ 22-31; 21 ¶¶ 7-8.) Because the rule against claim-splitting "follows from the doctrine of *res judicata* [claim preclusion],"[3] *Tank v. T-Mobile USA, Inc.*, No. 1:12-CV-10261, 2013 WL

---

[3] The parties refer variously to the doctrines of "res judicata" and "claim preclusion"; for the sake of consistency, this opinion adopts the latter.

6

4401375, at *3 (N.D. Ill. Aug. 15, 2013) (cleaned up), this opinion addresses claim preclusion first.

A principal objective of the doctrine of claim preclusion is the promotion of judicial economy. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). Preclusion doctrines in general "protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent verdicts. . . . In short, a losing litigant deserves no rematch after a defeat fairly suffered." *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 147 (2015) (cleaned up) (quoting *Montana v. United States,* 440 U.S. 147, 153-54 (1979); *Astoria Fed. Sav. & Loan Assn. v. Solimino,* 501 U.S. 104, 107 (1991)).

A claim preclusion defense "precludes not only relitigation of 'what was actually decided in the original action,' but also litigation of any 'matters which could have been decided in that suit.'" *H.A.L. NY Holdings, LLC v. Guinan*, 958 F.3d 627, 632 (7th Cir. 2020) (quoting *Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199, 1204 (Ill. 1996)). For the defense to succeed, there must be: (1) an identity of parties *or their privies* in both the earlier and the later suit (same parties); (2) a final judgment on the merits in the earlier suit; and (3) an identity of the cause(s) of action in both suits (same claims). *Id.*[4] After addressing each of these elements in turn below, the Court finds that claim preclusion applies to bar the claims in this suit.

---

[4] Because the 9930 Action was heard under the Court's diversity jurisdiction, federal common law (and by extension Illinois claim preclusion and claim-splitting law) applies to this case. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001); *CFE Group, LLC v. Firstmerit Bank, N.A.*, 809 F.3d 346, 351 (7th Cir. 2015).

7

### *1. Whether the Parties are the Same*

Of the three elements of claim preclusion, the closest in this case is whether the defendants here are the same as those in the 9930 Action. Turning first to Carrier, Defendants contend that he, as the sole owner and member of the LLC, is so related to the 1645 W. Farragut that Carrier must be in privity with the corporation for purposes of claim preclusion. (Dkt. 19 ¶¶ 24-25.) Plaintiffs argue, conversely, that because Carrier held two different roles in the transaction—as seller and as real estate agent for the seller—he can be sued separately for each of the positions he held. (Dkt. 27 at 7.)

Whether privity exists between a party against whom claim preclusion is asserted and a party to earlier litigation "is a functional inquiry in which the formalities of legal relationships provide clues but not solutions." *Bernstein v. Bankert*, 733 F.3d 190, 226 (7th Cir. 2013) (quoting *Tice v. Am. Airlines, Inc.,* 162 F.3d 966, 971 (7th Cir. 1998)). Such privity is established where the two parties have "a clear congruence of legal issues." *Studio Art Theatre of Evansville, Inc. v. City of Evansville, Ind.*, 76 F.3d 128, 131 (7th Cir. 1996); *see also* Richard A. Michael, *Civil Procedure Before Trial* § 41:5 (2d ed. 2011) (noting that "[t]he word 'privy' includes those who control an action although not parties to it; those whose interests are represented by a party to the action; [and] successors in interest to those having derivative claims" (quoting Restatement (First) of Judgments § 83 cmt. a (Am. L. Inst. 1942))); *see, e.g., Tartt v. Nw. Cmty. Hosp.,* 453 F.3d 817, 823 (7th Cir. 2006) (finding privity between a hospital and a group of physicians that provided the sole

8

anesthesiology services to the hospital because they had "sufficiently close identity of interests").

Adopting a "functional" approach, the Court is persuaded that 1645 W. Farragut and Carrier are in privity for purposes of claim preclusion. Carrier and 1645 W. Farragut had the same goals in the remodeling agreement: they wanted to close the agreement, renovate the property, and sell it to someone else. (*See* Dkt. 1 ¶¶ 13, 18.) And as the sole owner and member of 1645 W. Farragut, Carrier controlled all parts of the 9930 Action on behalf of that entity. (*See, e.g.*, 9930 Action, Dkt. 60 ¶ 4.) Indeed, Carrier's symbiotic relationship with 1645 W. Farragut is reflected in Judge Coleman's observation that Carrier "has been involved in [the 9930 Action] litigation." (9930 Action, Dkt. 99 at 2.) Plaintiffs' rejoinder—that this suit is against Carrier in his capacity as the real estate agent for the seller, *not* in his capacity as the sole member of the 1645 W. Farragut—is not supported by any authority of which the Court is aware. On the contrary, Plaintiffs cannot avoid the conclusion to be drawn from the available evidence: that Carrier is in privity with 1645 W. Farragut.

As for D'Aprile Properties, the analysis turns on that company's relationship to Carrier. According to Plaintiffs, all claims against D'Aprile Properties are "solely a function of [D'Aprile Properties'] vicarious liability for Mr. Carrier's fraud." (*See* Dkt. 36.) In other words, any liability of D'Aprile Properties would be wholly derivative of Carrier's.

Plaintiffs' admission is controlling on the question of privity. As the Supreme Court has recognized, when a defendant's liability is "altogether dependent upon the culpability of the defendants [in the earlier suit]," the parties are within "the bounds

9

of the rule of privity." *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 329-30 (1955); *see also, e.g.*, *Arrington v. Fed. Pub. Def. for the D.C*, 75 F. Supp. 3d 340, 346 (D.D.C. 2014) ("defendants not party to a prior suit may invoke res judicata if their liability was altogether dependent on the culpability of the prior defendants"); 18A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4463 (3d ed. 2002) ("[J]udgment in an action against either party to a vicarious liability relationship established preclusion in favor of the other"). Any liability of D'Aprile Properties is, as Plaintiffs allege, a function "solely" of Carrier's liability. And Carrier is in privity with 1645 W. Farragut. A chain of privity thus can be traced directly from 1645 W. Farragut to Carrier to D'Aprile Properties. Put another way, 1645 W. Farragut, Carrier, and D'Aprile Properties have "a clear congruence of legal issues" such that their aligned interests were fully represented in the 9930 Action. *Studio Art Theatre*, 76 F.3d at 131; *see also* Restatement (First) of Judgments, § 83 cmt. A (Am. L. Inst. 1942). Accordingly, Defendants' invocation of claim preclusion against D'Aprile Properties (assuming the other elements are met) is permissible.[5]

---

[5] Plaintiffs direct the Court to the Restatement of Judgments (as well as various cases) in arguing that claim preclusion does not bar Plaintiffs "from seeking to hold someone else [namely, D'Aprile Properties] vicariously liable for a prior judgment *in its favor*." (Dkt. 36 at 2 (citing, *inter alia*, Restatement (Second) of Judgments § 51(2)).) Plaintiffs argue that, because they partially succeeded at summary judgment in the 9930 Action, they are entitled to bring "as many causes of action as there are defendants to pursue." (*Id.* at 1 (citing *Dickieson v. DER Travel Serv., Inc.*, 149 F. Supp. 2d 1011, 1014 (N.D. Ill. 2001).) But the cases to which Plaintiffs direct the Court did not involve vicarious liability. In fact, one of those cases compels the opposite conclusion: in *Muhammad v. Oliver* (cited by Plaintiffs in Dkt. 36 at 2), the Seventh Circuit observed that the preclusive principles underlying claim preclusion "have equal application in the *respondeat superior* setting because the operative facts and law controlling a servant's direct liability are always identical to those that determine the vicarious liability of his master (so long as the agency relationship and its scope are not in dispute). If the master is vicariously liable, the servant must be directly liable (and vice versa); if the master is not vicariously liable, the servant cannot be directly liable

### 2. The 9930 Action Resulted in a Final Judgment on the Merits

In addition to establishing an identity of the parties, the proponent of claim preclusion must also demonstrate that the assertedly preclusive earlier case actually resulted in a final judgment on the merits. *See H.A.L. NY Holdings, LLC*, 958 F.3d at 632. At issue is whether Judge Coleman's disposition of Plaintiffs' motion for leave to amend (*see* 9930 Action, Dkt. 99) was final such that it bars Plaintiffs from bringing Counts I and II here.

Although the phrase "final judgment on the merits" might suggest a requirement that the earlier action be concluded in all respects, the Seventh Circuit has explained that, for claim preclusion purposes, the denial of leave to amend is final as to the matters in the proposed amended pleading. In *Arrigo v. Link*, for example, the Seventh Circuit concluded that the denial of a plaintiff's motion for leave to amend was a final order that barred the plaintiff from bringing the proposed new claims in a later suit. 836 F.3d 787, 798-99 (7th Cir. 2016). *Arrigo* also noted that other Circuits have reached the same conclusion. *See id.* at 799 (citing, *inter alia*, *King v. Hoover Grp., Inc.*, 958 F.2d 219, 222-23 (8th Cir. 1992) ("It is well settled that denial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading.")). Legal commentators have similarly agreed:

> An order that denies leave to amend the pleadings to advance an additional part of a claim partially asserted might seem to fall within the principle that a plaintiff should be free to bring a second action on a theory that could not be advanced in the first action. It appears well-settled, however, that claim preclusion bars a second action on the part

---

(and vice versa)." 547 F.3d 874, 879 (7th Cir. 2008) (quoting *Bachenski v. Malnati*, 11 F.3d 1371, 1377-78 (7th Cir. 1993)).

11

> excluded from the first action. This result is sound. The abstract theory that amendment should be freely allowed is widely honored in practice. There is likely to be good reason when the court that has control of the first action concludes that a party should not be allowed to advance matters so closely related to the action as to be part of a single claim.

18A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4412 (3d ed. 2002).

*Arrigo* is determinative and establishes that, when a motion to amend is denied as untimely, the plaintiff's only recourse is to appeal. *Id.* at 799. To hold otherwise would "undermine the principles animating the doctrines of res judicata and claim splitting." *Id* at 800. Plaintiffs attempted to bring their claims against Carrier and D'Aprile Properties in the 9930 Action, but Judge Coleman denied that request. As in *Arrigo*, Plaintiffs' new lawsuit—the one before this Court—seeks an end-run around that ruling. Put differently, to allow Plaintiffs to proceed with these claims "would result in the very prejudice and inefficiency that the denial of the untimely amendment . . . was intended to avoid." *Arrigo*, 836 F.3d at 800.

To be sure, Plaintiffs attempt to escape *Arrigo* by arguing that one of their claims was not discovered until after they filed the 9930 Action. Plaintiffs contend that, unlike the plaintiff in *Arrigo,* who knew about all of her potential claims at the time she filed her first complaint, Plaintiffs did not learn of their Permit Fraud[6] claim until they conducted discovery in the 9930 Action. (Dkt. 27 at 9-10.) Plaintiffs further contend that this revelation did not require them to supplement their complaint in

---

[6] Plaintiffs admit that, if the Court finds that the lawsuits involve the same parties, which it does, their Adjacent Property claim, Enclosed Balcony claim, and Purchase Price claim are barred. (Dkt. 27 at 10 n.3.) Accordingly, the Court will consider only the Permit Fraud claim in the remainder of this opinion.

the 9930 Action and they were within their rights to bring an entirely new case to litigate their new-found claim. (*Id.* at 9.)

In support of their new-discovery argument, Plaintiffs cite *Smith v. Potter*, where the plaintiff brought suit against her employer and alleged she was subjected to multiple instances of sex discrimination in the workplace. 513 F.3d 781, 782 (7th Cir. 2008). Smith voluntarily dismissed her case before the defendants answered and brought another lawsuit a month later in which she added new allegations of unlawful conduct—including allegations of conduct that occurred after her first lawsuit was filed. *Id.* Although the district court dismissed this second lawsuit, the Seventh Circuit reversed and held that the new instances of unlawful conduct, which arose after the first suit ended, constituted new causes of action that could not be barred by claim preclusion. *Id.*

Because this case presents significant factual differences, Plaintiffs' reliance upon *Smith* is misplaced. Unlike in *Smith*, the allegedly unlawful conduct here occurred several months *before* Plaintiffs filed their 9930 Action and was known to Plaintiffs then. Indeed, the theory of liability underlying the allegedly "unknown" Permit Fraud claim rests in plain sight in Plaintiffs' earlier complaint. (*See* 9930 Action, Dkt. 12 ¶¶ 25-27 ("A material term of the Modification provides, in part: 'Seller represents that with respect to the Property that Seller has no knowledge of . . . zoning, building, fire or health code violation [or] any improvements to the Property for which the required initial and final permits were not obtained' ").) Plaintiffs could not have complained in the 9930 Action about permitting issues if they did not know of those issues before filing suit; and, in fact, Plaintiffs' complaint

13

alleges that "Farragut had not obtained permits for demolition or construction." (9930 Action, Dkt. 12 ¶ 27.)

As these facts show, the bases for bringing the new claims and impleading the new parties were fully known to Plaintiffs before Judge Coleman denied the motion for leave to amend. Accordingly, the rule of *Arrigo* applies and compels a finding that the denial of leave to amend (9930 Action, Dkt. 99) was a final judgment on the merits for the purposes of claim preclusion.

        3.      *Counts I and II of Plaintiffs' Complaint are the same as those in the 9930 Action*

As to the final element of the claim preclusion analysis, the Court must consider whether the claims in this action are the same as those brought in the 9930 Action. *See H.A.L. NY Holdings, LLC*, 958 F.3d at 632. Plaintiffs suggest that, if the Court finds that both parties are the same in both actions (which it does), the only "new" claim is the Permit Fraud claim. (Dkt. 27 at 10 n.3.) But, as discussed above, the Permit Fraud allegations in this case (Dkt. 1 ¶¶ 20, 32-38) were also part of Plaintiffs' 9930 Complaint, (9930 Action, Dkt. 12 ¶¶ 25-27). Indeed, Judge Coleman addressed the "fraud claims premised on the defendant's failure to disclose the permitting issues" in the summary judgment decision she issued in July 2019. (9930 Action, Dkt. 116 at 6.) Where the same facts "are 'essential for the maintenance of both proceedings or the same evidence is needed to sustain them both, then there is identity between the allegedly different causes of action asserted.'" *Gann v. William Timblin Transit, Inc.*, 522 F. Supp. 2d 1021, 1029 (N.D. Ill. 2007) (quoting *Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199, 1206 (Ill. 1996)); *Lambert v. Conrad*, 536 F.2d 1183, 1186 (7th Cir. 1976) ("Since both suits pertain to the same disputed facts

14

and arise out of the same operative facts, they clearly are the same cause of action"). The Permit Fraud claim was brought as part of Plaintiffs' fraud claim in the 9930 Action and is not a new cause of action for purposes of claim preclusion.

    4. *Counts I and II are also barred under the Doctrine of Claim Splitting*

Having found that claim preclusion bars Plaintiffs' effort to bring the claims in this new suit, the Court agrees with Defendants that the new complaint is also barred under the doctrine of claim splitting. (*See, e.g.*, Dkts. 19 ¶18; 21 ¶ 7.) Under that doctrine, a litigant is generally prohibited from "splitting its claims into multiple actions when the litigant should have brought the claims in a single action." *CIVIX-DDI, LLC v. Expedia, Inc.*, No. 04 C 8031, 2005 WL 1126906, at *4 (N.D. Ill. May 2, 2005) (citing *American Stock Exch., LLC, v. Mopex*, Inc. 215 F.R.D. 87, 91 (S.D.N.Y. 2002)). Unlike the more general doctrine of claim preclusion, claim splitting can bar a subsequent claim even before a final judgment. *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011). Claim splitting thus applies to bar later-brought claims if: (1) there is an identity of parties; and (2) the second claim is based on the same transaction or occurrence as the first claim. *Rexing Quality Eggs v. Rembrandt Enters., Inc.*, 392 F. Supp. 3d 965, 972 (S.D. Ind. 2019), *aff'd*, 953 F.3d 998 (7th Cir. 2020); *see also Carr v. Tillery*, 591 F.3d 909, 913-14 (7th Cir. 2010) ("You cannot maintain a suit, arising from the same transaction or events underlying a previous suit, simply by a change of legal theory. That is called 'claim splitting,' and is barred by the doctrine of res judicata"); *Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199, 1206 (Ill. 1996) ("The principle that *res judicata* prohibits a party from later seeking relief on the basis of issues which might have been raised in the prior action also prevents

15

a litigant from splitting a single cause of action into more than one proceeding"). Claim splitting is essentially the same as claim preclusion, but with a presumption of a final judgment instead of an actual final judgment. *Waad v. Farmers Ins. Exch.¸* 762 Fed. Appx. 256, 260 (6th Cir. 2019) (citing *Katz*, 655 F.3d at 1218). Finding that Defendants satisfied the requirements for claim preclusion, this Court also holds that Defendants have satisfied the threshold for a claim-splitting defense. Accordingly, that doctrine present an independent bar to the present suit against Defendants.

### B. Count III of Plaintiffs' Complaint must also be Dismissed.

In Count III of the Complaint, Plaintiffs ask the Court to look past 1645 W. Farragut—a limited liability company—and permit any recovery in the 9930 Action to apply against Carrier's individual assets. (Dkt. 1 ¶¶ 74-80.) Plaintiffs contend this relief is justified because Carrier, as the sole member of the LLC, disregarded the requisite corporate formalities and is not entitled to protection as a corporate entity. Defendants seek dismissal of Plaintiffs' veil-piercing claim because, they contend, it should have been brought as part of the 9930 Action. (Dkt. 19 ¶¶ 27-28.)

Piercing the corporate veil does not typically constitute a separate cause of action. It is instead, under Illinois law, an equitable remedy a party can seek to recover for a judgment against corporate entity members. *U.S. v. All Meat & Poultry Prods. Stored at Lagrou Cold Storage*, 470 F. Supp. 2d 823, 833 (N.D. Ill. 2007). A veil piercing "claim" thus can be brought only after liability has been established in an underlying cause of action or claim or in the same complaint as the underlying action for liability. *Jackson Ave. Subs, Inc. v. 407 Dearborn, LLC*, 2016 WL 4639152, at *6

16

(N.D. Ill. Sept. 6, 2016) (citing *Buckley v. Abuzir*, 8 N.E.3d 1166, 1169 (Ill. App. 1st Dist. 2014); *Laborers' Pension Fund v. Lake City Janitorial, Inc.*, 758 F. Supp. 2d 607, 618-620 (N.D. Ill. 2010)).

Illinois law permits a court to ignore the limitations of corporate liability "when two separate prongs are met: (1) 'there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist; and (2) 'circumstances must be such that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice.' " *Wachovia Sec., LLC v. Banco Panamericano, Inc.*, 674 F.3d 743, 751-52 (7th Cir. 2012) (quoting *Hystro Prods., Inc. v. MNP Corp.*, 18 F.3d 1384, 1388-89 (7th Cir.1994)).

As an initial matter, this case is a poor partner for Plaintiffs' veil-piercing claim; after all, the entity whose veil Plaintiffs seek to lift—1645 W. Farragut—is already present as the defendant in Plaintiffs' earlier suit. Judge Coleman, of course, rejected Plaintiffs' attempt to incorporate that claim in the case where it would have been more fitting. (9930 Action, Dkt. 99; *see Jackson Ave. Subs*, 2016 WL 4639152 at *6.) As subjectively unfortunate as that decision was for Plaintiffs, a plaintiff cannot, as explained above, bring claims "arising from the same transaction or events underlying" a suit that resulted in a final judgment. *Carr*, 591 F.3d at 913. Because the current veil-piercing claim arises from the "same transaction or events" as those underlying the 9930 Action, and because the effort to bring the claim was already rejected, it cannot be brought here.[7]

---

[7] It is true that plaintiffs are sometimes permitted to bring veil-piercing claims in separate actions once liability is established. *See, e.g.*, *Buckley*, 8 N.E.3d at 1169. Although Judge Coleman granted partial summary judgment in favor of Plaintiffs on the issue of 1645

Even assuming that Plaintiffs' claim for piercing the corporate veil was appropriately brought with the other claims in this case, Plaintiffs have not pleaded any facts necessary to assert the second requirement for piercing the corporate veil. *See, e.g.*, *Jackson Ave. Subs*, 2016 WL 4639152 at *7 (dismissing case in which plaintiffs failed to sufficiently plead the second prong of the veil-piercing test). Plaintiffs' complaint does not allege "that adherence to the fiction of a separate corporate existence would promote injustice or inequitable circumstances." *Id.* Rather, it seems that Plaintiffs' decision to bring Count III is based on their realization "that 1645 West Farragut ha[d] little or no assets available to pay any judgment that could result from [the 9930 Action] litigation." (9930 Action, Dkt. 92 at 1; *see also* Dkt. 1 ¶ 75.) Unfortunately for Plaintiffs, the "promote injustice" test requires "more than the prospect of an unsatisfied judgment." *Jackson Ave. Subs*, 2016 WL 4639152 at *7 (quoting *Sea-Land Services, Inc. v. Pepper Source*, 941 F.2d 519, 522-23 (7th Cir. 1991)).

## IV. CONCLUSION

For the reasons above, Defendants' Motions to Dismiss are granted. And because amendment would not cure the issues identified in this opinion, this dismissal is with prejudice. *See Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) ("District courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue

---

W. Farragut's liability (*see* 9930 Action, Dkt. 183), the Court is not persuaded that a new veil-piercing action is justifiable here. For one thing, Judge Coleman's partial grant left key issues (such as the amount of damages) unresolved pending trial in the 9930 Action. In any event, and as explained elsewhere, Plaintiffs have not adequately pleaded a veil-piercing claim.

prejudice to the defendants, or where the amendment would be futile"); *see also Ruffino v. Bank of Am., N.A.*, No. 13 C 50124, 2013 WL 5519456, at *5 (N.D. Ill. Oct. 3, 2013) (dismissing complaint with prejudice on claim preclusion grounds because amendment would be futile).

SO ORDERED in No. 19-cv-03791.

Date: September 17, 2021

JOHN F. KNESS
United States District Judge

19